FILED

2016 APR -8  AM 9: 57

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT MARTIN, | ) | CASE NO. 1:16 CV 383 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN/JANE DOE ASSISTANT | ) | MEMORANDUM OF OPINION |
| AND CHIEF INSPECTORS, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Robert Martin, a state prisoner, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against various named and "John and Jane Doe" officials and employees of the Ohio Department of Rehabilitation and Correction.  He alleges defendants violated his constitutional due process rights because he was assessed filing fees in numerous court cases he has filed.  He contends his funds are "exempt" under Ohio law, and he seeks declaratory and injunction relief, restitution of his funds, and punitive damages.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required 28 U.S.C. §1915A to dismiss before service any action in which a prisoner seeks redress from an officer or employee of a governmental entity that is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915A).

The plaintiff's complaint fails to state any plausible claim for relief under §1983. To state a §1983 claim, a plaintiff must allege facts sufficient to suggest he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Paige v. Coyner*, 614 F.3d 273, 275 (6th Cir. 2010). The plaintiff's allegations on their face do not plausibly suggest that any ODRC defendant deprived him of a right secured by the Constitution or laws of the United States in assessing him filing fees.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE